UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSE MANUEL PEREZ-CARRANDI,

Petitioner,

v. Case No.: 3:26-cv-2297-MMH-LLL

WARDEN, NORTH FLORIDA DETENTION FACILITY and U.S. ATTORNEY GENERAL,

Respondents.
_____________________________________/

**ORDER**

Petitioner Jose Manuel Perez-Carrandi, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) on September 2, 2026. Perez-Carrandi, a citizen of Cuba, was paroled into the United States on November 11, 1971. Doc. 6-3 at 1. An immigration judge ordered Perez-Carrandi removed on November 5, 1991. Doc. 6-1 at 2–3. United States Immigration and Customs Enforcement detained Perez-Carrandi on April 20, 2026. Id. at 2. In the Petition, Perez-Carrandi asserts that his prolonged detention without an individualized review violates due process. See Doc. 1 at 4.

First, to the extent Perez-Carrandi argues he is entitled to a bond hearing under 8 U.S.C. § 1226, his claim is without merit. Perez-Carrandi is

subject to a final order of removal. Therefore, he is detained pursuant to 8 U.S.C. § 1231, not § 1225 or § 1226, and he is not entitled to a bond hearing at this time. See 8 U.S.C. 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."); see also De La Teja v. United States, 321 F.3d 1357, 1363 (11th Cir. 2003) ("Because a final removal order has been entered, [petitioner] is no longer being detained pursuant to § 1226(c), which governs only detention prior to a final removal order. Instead, he is being detained now pursuant to a wholly different statute, . . . 8 U.S.C. § 1231(a), which controls the detention and removal of an alien subject to a final order of removal.").

Second, insofar as Perez-Carrandi raises a claim pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001), it is premature. In Zadvydas, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Id. at 690. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the

reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (citing Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

Here, because Perez-Carrandi had not been detained for six consecutive months before he filed this case, his claim under Zadvydas is not ripe. Therefore, the Court will dismiss the Petition. Should he wish to file a new petition, Perez-Carrandi must pay a filing fee of $5.00 or file a complete motion to proceed in forma pauperis. Additionally, Perez-Carrandi must use the form approved for use in the Middle District of Florida. See Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]").

Accordingly, it is **ORDERED**:

1. Perez-Carrandi's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Perez-Carrandi a habeas corpus petition under 28 U.S.C. § 2241 and an application to proceed in forma pauperis (prisoner filings).

**DONE AND ORDERED** in Jacksonville, Florida, on this 13th day of November, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 11/12
c:
Jose Manuel Perez-Carrandi, #A020152674